UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                         :

TRUSTEES OF THE MASON TENDERS DISTRCIT   :
COUNCIL WELFARE FUND, PENSION FUND,    :
ANNUITY FUND AND TRAINING PROGRAM    :                22-CV-7765 (AS)
FUND, *et al.*,                                        :

                                          :           MEMORANDUM OPINION
                  Petitioners,             :              AND ORDER
                                          :

             -v-                            :
                                          :

INNIS CONSTRUCTION, INC.,                   :
                                          :
                  Respondent.            :
                                          :
------------------------------------------------------------------------X

ARUN SUBRAMANIAN, United States District Judge:

        On September 12, 2022, Petitioners filed a Petition to Confirm Arbitration. ECF No. 1.

On September 5, 2023, the Court set a briefing schedule for Petitioners' submission of any

additional materials in support of the Petition, Respondent's opposition, and Petitioners' reply.

ECF No. 10. Petitioners served Respondent with the Petition, supporting materials, and the

briefing schedule. ECF Nos. 14. Pursuant to the briefing schedule, Respondent's opposition was

due no later than October 9, 2023. ECF No. 10. To date, Respondent has neither responded to the

petition nor otherwise sought relief from the Award.

        The Court must treat the Petition, even though unopposed, "as akin to a motion for

summary judgment based on the movant's submissions." *Trs. for Mason Tenders Dist. Council*

*Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Capstone Constr.*

*Corp.*, 11-CV-1715 (JMF), 2013 WL 1703578, at *2 (S.D.N.Y. Apr. 19, 2013) (discussing in

depth the legal standards for resolving unopposed petitions to confirm arbitration awards). After

reviewing the petition and the supporting materials, the Court finds that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award, as the Arbitrator's decision provides more than "a barely colorable justification for the outcome reached." *Id.* at *3 (internal quotation marks omitted). Nor is there any justification under Section 10(a) of the Federal Arbitration Act for vacating the Award.

Finally, the Court grants Petitioners' request for post-judgment interest in accordance with 28 U.S.C. § 1961(a). Awards of post-judgment interest under § 1961 are mandatory, *see Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013), and apply to actions to confirm arbitration awards, *see Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004). The Court therefore awards interest to accrue at the statutory rate from the date judgment is entered until payment is made.

Accordingly, IT IS ORDERED AND ADJUDGED that the Petition and Motion are granted, the September 15, 2021 arbitration award is confirmed, and judgment is entered in favor of Petitioners and against Respondent as follows:

1. Confirming the Award in all respects;

2. Awarding Petitioners $134,029.36;

3. Awarding Petitioners post-judgment interest at the statutory rate.


SO ORDERED.

Dated: February 23, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge

2